UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DILIP SAGAR MANJUNATH and AKSHATHA CHICKAMAGALUR PRAMODKUMAR,<br><br>Plaintiffs,<br><br>v.<br><br>MARCO RUBIO, in his official capacity as U.S. Secretary of State, and KENNETH PLATEK, in his official capacity as Acting Director of National Vetting Center,<br><br>Defendants. | Case No. C26-1277RSM<br><br>ORDER GRANTING MOTION TO DISMISS UNDER RULE 12(b)(3) |

This matter comes before the Court on Defendants' Motion to Dismiss, Dkt. #5. Plaintiffs Dilip Sagar Manjunath and Akshatha Chickamagalur Pramodkumar are Indian national who currently reside in India. A U.S. consular officer in India adjudicated and refused Manjunath's nonimmigrant visa application in October 2025. Plaintiffs seek to compel Defendants to re-adjudicate this visa application under the Mandamus Act and the Administrative Procedure Act. Defendants move to dismiss for improper venue under Rule 12(b)(3).

Pursuant to 28 U.S.C. § 1391(e)(1), a "civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendants argue that they do not reside in this district but in Washington D.C. *See* Dkt. #5 at 5. Defendants articulate why Plaintiffs do not reside in this district and cannot say that they reside here simply because they plan to return to Washington State for employment. *Id*. at 6 (citing cases). Finally, Defendants articulate why Plaintiffs cannot show that "a substantial part of the events or omissions giving rise to the claims occurred" in this district. *Id*. Plaintiff Manjunath applied for his visa in India and the State Department refused his application in India. *See* Dkt. #1 at 2.

In Response, Plaintiffs argue that "a substantial part of the events and omissions giving rise to Plaintiffs' claims are centered in Washington," that the "consequences are centered in Washington," that Plaintiffs own a home in Lynwood, Washington, and that they plan to return to Washington State to continue employment once their visa applications are approved. Dkt. #8 at 12–13. Plaintiffs do not argue that they reside in the district.

On Reply, Defendants argue that "Plaintiffs cite to no case supporting their argument that where an injury is felt can give rise to venue under 28 U.S.C. § 1391(e)(1)(B)." Dkt. #9 at 2.

The Court agrees with Defendants. Plaintiffs reside in India. Defendants reside in Washington, D.C. Plaintiffs have failed to show that "a substantial part of the events or omissions giving rise to the claims occurred" in this district. Accordingly, Plaintiffs have failed to establish that venue is proper in this district and the Court will dismiss this case under Rule 12(b)(3).

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss under Rule 12(b)(3), Dkt. #5, is GRANTED. Plaintiffs' claims are DISMISSED without prejudice to refile in the proper venue. This case is CLOSED.

DATED this 2nd day of October, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE